THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-00151-FL

| | |
|---|---|
| ANTHONY C. ANOZIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| LORETTA E. LYNCH, *Attorney General*, ) | |
| JEH JOHNSON, *Department of Homeland* ) | |
| *Security*, LEON RODRIGUEZ, *Director, U.S.* ) | |
| *Citizenship and Immigration Services*, EDWARD ) | |
| A. NEWMAN, *District Director, USCIS Vermont* ) | |
| *Service Center*, SAMUEL MUNOZ, *Acting Field* ) | |
| *Office Director, USCIS Raleigh-Durham Field* ) | |
| *Office*, and JAMES B. COMEY, *Director, Federal* ) | |
| *Bureau of Investigation*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the *pro se* Plaintiff's motions for entry of default against each Defendant [DE-12 through -18] and motion for an extension of time to effect service [DE-24], and Defendants' motion to dismiss for lack of personal jurisdiction and insufficient service of process [DE-20]. All responsive briefing is complete or the time for filing such briefing has expired, and the pending motions are ripe for adjudication. These motions were referred to the undersigned for an order or recommendation to the District Court as appropriate. *See* 28 U.S.C. §§ 636(b)(1)(A), (B); Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Plaintiff's motions for entry of default [DE-12 through -18] and Defendants' motion to dismiss [DE-20] be denied, and Plaintiff's motion for an extension of time to effect service [DE-24] be allowed.

## I. BACKGROUND

On April 5, 2016, Plaintiff filed a petition for writ of mandamus against Defendants Loretta Lynch, Jeh Johnson, Leon Rodriguez, Edward Newman, Samuel Munoz, and James Comey, all federal employees, to compel action on his application for removal of conditions filed with the United States Citizenship and Immigration Services. [DE-1]. The clerk issued the summonses prepared by Plaintiff [DE-3], along with a letter directing Plaintiff to serve the summonses and other documents as applicable in accordance with Rule 4 of the Federal Rules of Civil Procedure [DE-4]. On May 16, 2016, Plaintiff filed copies of certified mail return receipts or postal tracking information, indicating delivery of the summons and petition on each Defendant. [DE-5 through -11]. On June 20, 2016, Plaintiff filed motions for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against each Defendant, asserting that each Defendant had been properly served between April 7 and 12, that more than 60 days had elapsed since that time, and that Defendants had failed to answer or otherwise defend in accordance with the Federal Rules. [DE-12 through -18]. On July 11, 2016, Defendants filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process, pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, asserting that Plaintiff failed to serve the United States Attorney's Office for the Eastern District of North Carolina as required by Rule 4. [DE-20, -21]. On July 21, 2016, in response to Defendants' motion to dismiss, Plaintiff filed a motion seeking a 21-day extension of time to effect service pursuant to Rule 4(m). [DE-23 through -26]. On July 28, 2016, Defendants responded that they do not oppose Plaintiff's motion for an extension of time, but request that Plaintiff's motions for default be denied. [DE-27, -28].

## II. DISCUSSION

**A.     Motions for Entry of Default [DE-12 through -18]**

Default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Pursuant to Rule 12, "a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days *after service on the United States attorney.*"[1] Fed. R. Civ. P. 12(a)(2) (emphasis added). In order to bring a claim against a federal officer or employee in his or her official capacity, not only must the individual defendant be served, but the plaintiff must also serve the United States. Fed. R. Civ. P. 4(i)(2). To effect service on the United States, the plaintiff must serve both "the United States attorney for the district where the action is brought" and "the Attorney General of the United States at Washington, D.C." with a copy of each summons and the complaint. Fed. R. Civ. P. 4(i)(1)(A)–(B).

Here, Defendants assert that the United States attorney in this district was not served with the summonses and petition and that the Attorney General was not served with a copy of all summonses, and that both are required to effect service on the United States, and in turn on Defendants, pursuant to Rule 4. Defs.' Mem. [DE-21] at 5. Plaintiff does not dispute that he failed to properly effect service on the United States, but rather contends he was informed that service on the Attorney General would suffice. Pl.'s Resp. [DE-23] at 1-2. Given Plaintiff's failure to effect service on Defendants, there was no obligation for Defendants to answer or otherwise respond to the

---

[1] Plaintiff indicates in the petition that the action is brought against each Defendant is his or her official capacity. Pet. for Writ of Mandamus [DE-1] at 3 ¶¶ 11-17.

3

petition under Rule 12(a)(2). Accordingly, where Plaintiff has not properly effected service on Defendants pursuant to Rule 4(i), Defendants' 60-day period to answer the petition has not expired and it is recommended that Plaintiff's motions for entry of default be denied.

## B. Motion to Dismiss [DE-20] and Motion for Extension of Time [DE-24]

"Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2)." *Fordham v. Doe*, No. 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011) (unpublished) (citations omitted). Moreover, a defendant is entitled to dismissal under Rule 12(b)(5) where service is deficient, and the "plaintiff must establish that service was adequate when a defendant seeks dismissal pursuant to Rule 12(b)(5)." *Id.* (citation omitted). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." For good cause shown by the plaintiff, the court must extend the time for service. Fed. R. Civ. P. 4(m). Additionally, "Rule 4(m) vests in the court the power to extend time on its own, even where the plaintiff cannot show good cause." *Lee v. City of Fayetteville*, No. 5:15-CV-638-FL, 2016 WL 1266597, at *4 (E.D.N.C. Mar. 30, 2016) (unpublished).

This case was filed on April 5, 2016, resulting in a service deadline of July 5, 2016, pursuant to Rule 4(m). Defendants assert that service was not properly made within the 90-day period, Defs.' Mem. [DE-21] at 5, and Plaintiff does not dispute that assertion, Pl.'s Mem. [DE-24] at 1-2. However, Plaintiff contends he contacted the office of the United States attorney regarding service but was misinformed regarding the service procedures and seeks a 21-day extension to effect proper service on Defendants. *Id.* at 1-2. Plaintiff has demonstrated, through his diligent effort to effect

4

service in this case, good cause for extension of the service deadline. *See Gulley v. Rex Hosp., Inc.*, No. 5:14-CV-00127-F, 2014 WL 4537185, at *2 (E.D.N.C. Sept. 11, 2014) (unpublished) ("Courts have authorized extensions of time where a *pro se* plaintiff has made a reasonable effort to effect service.") (citation omitted). Moreover, Defendants do not oppose Plaintiff's request for addition time to effect service. Defs.' Resp. [DE-28] at 2. Accordingly, where Plaintiff has shown good cause for his failure to effect service on Defendants, it is recommended that Plaintiff be allowed an additional 21 days to do so and that Defendants' motion to dismiss be denied as moot.

### III. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's motions for entry of default [DE-12 through -18] and Defendants' motion to dismiss [DE-20] be DENIED and Plaintiff's motion for an extension of time to effect service [DE-24] be ALLOWED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **December 29, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum**

and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, the 15th day of December 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

6

Case 5:16-cv-00151-FL   Document 30   Filed 12/15/16   Page 6 of 6